IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANGIE JORDAN JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:17-cv-329-N-BN |
| | § | |
| THE GREAT E PLURIBUS UNUM, ET. | § | |
| AL., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Angie Jordan Jones has filed a *pro se* action against "The Great E

Pluribus Unum," the United States Government, and the United States Treasury for

monetary damages. Her case has been referred to the undersigned United States

magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a

standing order of reference from United States District Judge David C. Godbey. The

undersigned issues the following findings of fact, conclusions of law, and

recommendation that the Court should dismiss Jones's complaint with prejudice under

28 U.S.C. § 1915(e)(2)(B).

**Applicable Background**

Jones, who has been granted leave to proceed *in forma pauperis*, *see* Dkt. No. 7,

seeks monetary damages ($38 billion) based on alleged "fraud against [her] family

estate" and the "serious embarrassment our country has caused [her] family

member[s]." Dkt. No. 3 (further alleging that "[t]he United States government has

created false history. We can't believe that the immature megalomaniac[s who are] running our ancest[ral] land had malice in their heart[s].").

### Legal Standards and Analysis

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). Claims within a complaint lack an arguable basis in fact if they describe "fantastic or delusional scenarios," *Neitzke*, 490 U.S. at 327-28, and such claims may be dismissed

> as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them.

*Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).

Jones fails to present a logical set of facts to support any claim for relief. And, even if her claims had merit, her complaint still should be summarily dismissed because the facts as alleged do not fall within a statute, such as the Federal Tort Claims Act, under which the United States has consented to be sued. *See, e.g., Stark v. Holder*, No. 3:14-cv-2920-B, 2014 WL 5013742, at *4 (N.D. Tex. Oct. 7, 2014) ("Under the settled principles of sovereign immunity, the United States, as a sovereign, is immune from suit absent an explicit waiver. The terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit. Courts must strictly construe all waivers of the federal government's sovereign immunity, resolving all ambiguities in favor of the sovereign. In other words, unless the United States consented to be sued, this Court lacks jurisdiction to hear [a plaintiff's] claims for monetary damages against it." (citations, internal quotation marks, and original brackets omitted)).

## Recommendation

The Court should summarily dismiss the complaint with prejudice for the reasons discussed above.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or

recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: March 9, 2017

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE